UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOSLYNE DAVENPORT                                                                                        PLAINTIFF

V.                                                                        CIVIL ACTION NO. 3:20-CV-743-DPJ-FKB

FEDERAL EXPRESS CORPORATION                                                                      DEFENDANT

ORDER

This employment-discrimination case is before the Court on Defendant Federal Express Corporation's (FedEx) Motion to Dismiss [24] Plaintiff Joslyne Davenport's Amended Complaint [23]. Davenport is a former FedEx employee who alleges that FedEx violated her rights under the Americans with Disabilities Act (ADA). This is Davenport's second attempt to plead cognizable ADA claims, and because she fails to cure the deficiencies the Court identified in its previous Order [20], FedEx's motion is granted.

I.      Facts and Procedural Background

The Court's December 22, 2022 Order [20] provides the full factual and procedural background and is incorporated by reference. In short, Davenport suffered several knee injuries during her employment with FedEx. This case relates to two—an injury requiring knee replacement in July 2019 and another on January 9, 2020 (three days after she returned to work). FedEx terminated Davenport's employment on February 28, 2020, after Davenport could not provide a date for her return to work following the latter injury. After losing her job, Davenport sued FedEx under the ADA, claiming that when she returned to work from knee surgery in January 2020, FedEx failed to accommodate her condition with light duty, retaliated against her for seeking accommodations, subjected her to unequal terms and conditions of employment, and wrongfully terminated her employment.

The Court dismissed those claims. First, the Court said Davenport's retaliation claim failed for three reasons: (1) she never administratively exhausted the claim with the EEOC, (2) the retaliatory conduct she identified was time-barred, and (3) she otherwise failed to establish a prima facie case of retaliation under the ADA. Order [20] at 6–11. Second, the Court dismissed the failure-to-accommodate claim as untimely. If also found Davenport failed to plead that she could perform the essential functions of her job or that she requested a reasonable accommodation that FedEx denied. *Id.* at 13–14. Third, the Court dismissed Davenport's unequal-terms-and-conditions-of-employment claim because she failed to identify a co-worker FedEx treated more favorably. *Id.* at 16. Finally, the termination claim was dismissed because Davenport failed to plead facts plausibly showing she could perform the essential functions of her job. *Id.* at 17.

As to each dismissed claim, the Court invited Davenport to move for leave to amend and told her specifically what the amended complaint must contain to avoid final dismissal. *Id.* at 11. It also instructed Davenport "to include all of her facts" in the amended complaint. *Id.* at 17. Davenport then filed two documents that were docketed as motions seeking leave to amend. *See* Mots. [21, 22]. Neither complied with the Court's Order, but because FedEx did not respond, the Court allowed Davenport to file an amended complaint. Feb. 6, 2023 Text-Only Order.

That pleading also failed to follow the Court's instructions and offered instead a single paragraph that omitted the information the Court instructed Davenport to include. *See* Am. Compl. [23]. FedEx therefore moved to dismiss the Amended Complaint, prompting a response

2

from Davenport in which she pivoted away from her original ADA claims and offered new liability theories. *See* Pl.'s Resp. [26] at 1–3.[1]

II.     Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

When, as here, a litigant is pro se, her filings "are to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Tucker v. Gaddis*, 40 F.4th 289, 292 (5th Cir. 2022) (internal quotations and citation omitted). "That being said, such liberal construction 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Gaitan v. Saenz*, No. 21-40042, 2022 WL 1981047, at *2 (5th Cir. June 6, 2022) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

In considering a Rule 12(b)(6) motion, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). But "the tenet that a court must accept as true all of the

---

[1] Davenport also filed an unauthorized surreply. *See* Pl.'s Surreply [28]. The Court did not consider Davenport's surreply in resolving the motion to dismiss. But for reasons given below, that surreply would have bolstered FedEx's motion to dismiss. FedEx's motion for leave to file a surreply [29] in response to Davenport's surreply is denied as moot.

allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555)).

Thus, to overcome a Rule 12(b)(6) motion, the plaintiff must plead "[f]actual allegations . . . rais[ing] a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations and footnote omitted). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). In addition, dismissal under Rule 12(b)(6) on the basis of an affirmative defense—like a statute of limitations—is appropriate only if "it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

A court considering these issues must make its rulings based on what is stated in the pleadings (unless the court converts the motion to dismiss to a summary-judgment motion). Fed. R. Civ. P. 12(d). There are exceptions. For example, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citation omitted).

Finally, though "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case," *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002), leave may be denied if "the defect is simply

4

incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so," *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000).

III.     Analysis

As discussed above, Davenport's original complaint alleged retaliation, failure-to-accommodate, unequal-terms-and-conditions-of-employment, and termination claims. Compl. [1] at 4. It is unclear whether Davenport's Amended Complaint tries to cure the deficiencies in those claims because her response to the motion to dismiss mostly ignores FedEx's arguments about them. She instead focuses her response on a new negligence theory and mentions two new federal claims under the ADA and the Occupational Safety and Health Act (OSHA). Without a substantive response supporting her original claims, it is tempting to conclude that Davenport abandoned them. But because she is a pro se litigant, the Court will address her original claims before examining her new ones.

  A.     Original Claims

To begin, all but one of Davenport's original claims are time-barred. As the Court noted in its first Order, "[u]nder the ADA, a charge must be filed with the EEOC within 180 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e5(e)(1). This time limit operates as a statute of limitations." Order [20] at 9 (citing *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999)). And because Davenport filed her EEOC charge on July 15, 2020, any claims for conduct occurring "before January 17, 2020[,] would be time-barred." *Id.*

This limitation period would not affect the termination claim because FedEx fired Davenport in February 2020. But as to the other ADA claims, most—if not all—of the conduct alleged in the Amended Complaint occurred before January 17, 2020. For example, Davenport asserts that she should have been afforded light duty on January 9, 2020. *See* Am. Compl. [23]

at 1. And she does not plead any requested accommodations after January 17, 2020. Indeed, her unauthorized surreply acknowledges that she "was unable to request accommodations" after January 17, 2020. *See* Surreply [28] at 2.

In candor though, the Amended Complaint is hard to follow because—as in her original Complaint—Davenport comingles facts without providing specific dates. The Court instructed her to fix those issues in her Amended Complaint, but she didn't. *See, e.g.*, Order [20] at 9. Accordingly, the Court finds that all claims except the termination claim are time barred. *See Hall v. Civ. Air Patrol*, 193 F. App'x 298, 299–300 (5th Cir. 2006) (affirming dismissal after pro se plaintiff failed to fix pleading errors as instructed). Those claims also fail for the reasons below.

        1.     Retaliation Claim

The Court gave Davenport specific instructions to cure the problems with her retaliation claim: "[A] proposed amended complaint . . . should explain the acts that she says constitute protected activity, the dates of those acts, the acts of retaliation occurring between January 17, 2020, and February 28, 2020, and the dates of the alleged retaliation." Order [20] at 11. Despite those instructions, Davenport identified neither protected activity nor the dates of protected activity in her Amended Complaint. Accordingly, even if this claim is not time-barred, the Court again finds that Davenport fails to state a plausible retaliation claim. In addition, there is no reason to alter the Court's alternative holding that Davenport never exhausted the retaliation claim in her EEOC charge of discrimination. *See* Order [20] at 7–8; *see also Tolbert*, 916 F.2d at 247. Davenport's ADA retaliation claim must be dismissed.

6

### 2. Failure-to-Accommodate Claim

Next, to state a viable failure-to-accommodate claim, "Davenport must show that (1) she is a qualified individual with a disability, (2) the disability and its consequential limitations were known by FedEx, and (3) FedEx failed to make reasonable accommodations for such known limitations." Order [20] at 12 (citing *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 587 (5th Cir. 2020)).

Her first complaint failed to plausibly plead the first and third elements. *See id.* at 11–14. So when the Court invited Davenport to move for leave to amend, it instructed her "to explain the accommodations she requested that were denied between January 17, 2020 [(the day the statute of limitations began to run)], and February 28, 2020, [and] how she could have performed the essential functions of her job with or without those accommodations." *Id.* at 15.

The most obvious failure-to-accommodate claim in Davenport's Amended Complaint is her assertion that FedEx should have given her light duty on January 9, 2020. Am. Compl. [23] at 1. But as noted above, any conduct before January 17, 2020, is time-barred, and it is not apparent that FedEx denied accommodations after that date.

Assuming the statute of limitations does not preclude this claim, she still fails to plausibly plead the first and third elements. Beginning with the first element, Davenport has not shown that she was a qualified individual under the ADA—i.e., that she could perform her job with or without reasonable accommodations. *See* Order [20] at 13–15. As the Court has noted, after Davenport re-injured her knee on January 9, 2020, her doctor suggested that she could not perform even light-duty work. Return-To-Work Form [1-6] at 1; *see also* Order [20] at 15 (noting that Davenport had not "explain[ed] how she could have performed the essential

functions of her job with or without those accommodations"). The Amended Complaint offers no facts plausibly suggesting that Davenport was a qualified individual under the ADA.[2]

The third element—failure to reasonably accommodate—is also lacking. At most, Davenport says that "if Federal Express had given me the opportunity and chance to heal, I would have been better off or switched to an offered position which is posted." Am. Compl. [23] at 1 (unaltered). Assuming these allegations relate to conduct after January 17—which isn't clear—they do not state a failure to accommodate. Starting with the chance to heal, Davenport stated in the EEOC charge attached to her Complaint that she could not "give a definite . . . date on when [she] could return." EEOC Charge [1-9] at 2. And "taking leave without a specified date to return . . . is not a reasonable accommodation." *Moss v. Harris Cnty. Constable Precinct One*, 851 F.3d 413, 419 (5th Cir. 2017) (citing *Delaval v. PTech Drilling Tubulars, L.L.C.*, 824 F.3d 476, 481 (5th Cir. 2016)). The Court noted this issue in its first Order, and Davenport has never addressed it. *See* Order [20] at 15.

Turning to the posted position, Davenport never identifies the position or when it was posted, so there is no way to know whether it remained open after January 17. And as the Court observed in its first Order, "[a]n employer is not required to create 'light duty' jobs to accommodate." *Id.* at 14 (quoting *Foreman v. Babcock & Wilcox Co.*, 117 F.3d at 800, 809 (5th Cir. 1997)). Davenport likewise offers no facts suggesting that she was qualified for that unidentified position after the January 9, 2020 injury that indefinitely precluded even light duty. *See* Return-To-Work Form [1-6] at 1.

---

[2] Though not considered, Davenport's unauthorized surreply—like other filings—noted that she cannot perform essential functions of the job. *See* Pl.'s Surreply [28] at 1 ("[Davenport] was unable to lift . . . 50lbs . . . . [T]his is a key and essential function [of] being able to be a FedEx Courier.").

In sum, the Court told Davenport what she would need to explain to avoid dismissal of her failure-to-accommodate claim. Order [20] at 13–15. It also instructed her "to include all of her facts." *Id.* at 17. Her Amended Complaint still falls short.

          3.         Termination and Unequal-Terms-and-Conditions-of-Employment Claims

Turning to Davenport's termination and unequal-terms-and-conditions-of-employment claims, "[t]he ADA prohibits discrimination against a qualified individual based on the individual's disability." *Gosby v. Apache Indus. Servs., Inc.*, 30 F.4th 523, 525 (5th Cir. 2022) (citing 42 U.S.C. § 12112(a)). In the Court's first Order, it outlined why Davenport had not sufficiency stated these claims in her first Complaint. *See* Order [20] at 15–17. Those deficiencies remain. For example, she has neither shown that she was a qualified individual with disability nor that she was treated less favorably than other non-disabled employees. *See generally* Am. Compl. [23]. These claims must now be dismissed.

    B.    New Claims

As noted, Davenport's response mostly ignores her original claims and instead focuses on a new negligence claim. She also mentions accessibility claims under the ADA and a failure-to-report claim under OSHA. *Some* Fifth Circuit cases say that new claims presented in pro se responses to dispositive motions should be treated as motions to amend. *Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992). But even assuming the Court should construe Davenport's response as a motion that was never filed, leave to further amend may be denied when the new claims would be futile. *Hart*, 199 F.3d at 248 n.6. An amendment is futile where "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).

9

Davenport spends most of her two-page response describing a negligence claim. *See* Pl.'s Resp. [26] at 1–2. According to her, FedEx negligently caused her January 9, 2020 knee injury by putting her on full duty three days after she returned from knee-replacement surgery. *Id.* But as FedEx argues, Mississippi's Workers' Compensation Act provides the sole remedy for workplace negligence. Def.'s Reply [27] at 3 (citing Miss. Code Ann. § 71-3-9). Thus, "if the facts alleged or proven point to negligence, gross negligence, or recklessness, despite an allegation of actual intent, th[e] Court will find that workers' compensation is the sole avenue for relief for the aggrieved party." *Schaffner Mfg. Co., Inc. v. Powell*, 331 So. 3d 11, 14 (Miss. 2022) (quoting *In re Est. of Gorman ex rel. Gorman v. State*, 307 So. 3d 421, 425–26 (Miss. 2020)). The negligence claim is futile.

So is Davenport's OSHA claim. Davenport says FedEx failed to report her injuries to OSHA. Pl.'s Resp. [26] at 2. But "OSHA does not give rise to a private cause of action." *Perez v. Ormiston*, 364 F. App'x 93, 94 (5th Cir. 2010) (citing *Jeter v. St. Regis Paper Co.*, 507 F.2d 973, 976–77 (5th Cir. 1975)).

Davenport's new ADA claim is harder to assess. For the first time in her response, Davenport says: "[T]he building and delivery trucks weren't accessible for the plaintiff's disability. There were no ramps and handles." Pl.'s Resp. [26] at 2. FedEx argues that Davenport never requested those accommodations, never exhausted this new claim, and failed to file it within the statute of limitations. All of that is probably correct if this is another failure-to-accommodate claim. But Davenport's minimal averments may be better construed as an attempt to plead an accessibility claim under Title III of the ADA.

That section precludes discrimination related to "public accommodation." 42 U.S.C. § 12182(a). "The phrase 'public accommodation' is defined in terms of 12 extensive categories,

10

which the legislative history indicates 'should be construed liberally' to afford people with disabilities 'equal access' to the wide variety of establishments available to the nondisabled." *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 676–77 (2001).

Viewing Davenport's new assertions as a Title III claim presents several questions the parties have not addressed, like whether it covers employees and whether Title III claims must be exhausted. *See, e.g.*, *Eaton v. Woodlawn Manor*, No. 3:21-CV-01337, 2021 WL 4901811, at *3–4 (W.D. La. Oct. 5, 2021) (noting split of authority on whether exhaustion is required), *report and recommendation adopted*, 2021 WL 4900996 (W.D. La. Oct. 20, 2021). But there is no need to delve into those issues for two reasons. First, Davenport has not offered enough factual detail for the Court to find a plausible Title III claim. Second, she lacks standing to bring one.

> Title III of the ADA limits a plaintiff "to injunctive relief, and a restraining or other similar order." *Plumley v. Landmark Chevrolet, Inc.*, 122 F.3d 308, 312 (5th Cir. 1997) (citing 42 U.S.C. § 12188). Standing for injunctive relief requires "a threat of present or future harm" to the plaintiff. *Id.* (citation omitted). Even if the plaintiff has previously encountered illegal conduct, there is no current case or controversy to support an injunction if there are no "continuing, present adverse effects." *Lujan* [*v. Defs. of Wildlife*], 504 U.S. [555,] 564, 112 S. Ct. 2130 [(1992)] (citations omitted). Mere "'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury." *Id.*

*Deutsch v. Travis Cnty. Shoe Hosp., Inc.*, 721 F. App'x 336, 340 (5th Cir. 2018). In this case, Davenport no longer works for FedEx, so she will not encounter its work areas or trucks. And absent standing, a new Title III claim would be futile.

IV.     Conclusion

The Court has considered all arguments; those not discussed would not change this result. "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case. . . ." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Davenport received that opportunity, and the Court sees no

11

plausible claims for her to pursue. Defendant's Motion to Dismiss [24] is granted, and this case is dismissed with prejudice. Defendant's Motion for Leave to File a Surreply [29] is moot. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 10th day of July, 2023.

                                          s/ *Daniel P. Jordan III*
                                          CHIEF UNITED STATES DISTRICT JUDGE